United States of America v. Nellis United States of America v. Nellis United States of America v. Nellis United States of America v. Nellis United States of America There is no outcome. No, I'm trying to figure out what error there would be that we would act on, especially since when we get way back, way down the road, we have a judge who says he would have apply imposed a sentence of 176 months, even if it had to be a variance on based on 3551A factors. Now I started with the guilty plea because of course rule 11B14 does require a court to tell a defendant the maximum sentence he or she faces. And if I read the record, if I understood the record correctly, the judge told the defendant that he faced up to 80 years in jail, that was 20 years on each of the robbery counts, and didn't tell him that there was the possibility of as much as an extra 10 years under the 3147 provision. So is that your complaint, that your client thinks that he didn't get adequate notice of the guilty plea? And what relief are you looking for for that? Complaining or resentencing. Well, I'm not sure it's resentencing. If you're saying he wouldn't have pleaded guilty, then you're asking for vacator of the guilty plea. Well, I'm not making a plain air withdrawal of the guilty plea argument, Your Honor. So it's just the sentencing that you want corrected? Yes. Alright, so what's the notice problem with respect to the sentencing? It's that he went into the sentencing without having been notified at or before the plea that he was actually being sentenced for a separate crime. Well, he didn't get sentenced separately for it because the judge merged it all into the one sentence, which may be a separate error since there's a requirement for a consecutive sentence, but the defendant said he preferred one sentence and that's what he got. Right, right. And the judge says that's what I would have imposed in any event. I agree with Your Honor that the plea proceeding was flawed in this respect in that when the judge says your maximum is 80, 20 on each count, it was actually 120 years, 30 on each count, if he had brought this to his attention. It wasn't in the indictment. Well, it's not so clear that that 10 would have applied to each one, but at least 90, and you're saying possibly 130. So I am saying that there was a flawed notice here from beginning to end. But you're not saying if he'd known that he wouldn't have pleaded guilty? No. So I don't know how this affects the sentence problem. I don't know if I have a record on which to make that argument. By sentence you knew that there was the possibility for an extra 10. Oh, certainly. Yes, okay. Yes, certainly. But I read these cases, including the governance cases, Davis and Confredo, now in those cases they say there was no error, at least no plain error, but as saying that notice is part of the sentencing process as well, not just simply an issue as to trying to vacate the plea. But you just told me he had notice in sentencing. He had notice by sentencing, of course, because it was in the pre-sentence report and it was objected to. Now, I made another argument that a statutory construction I'm not going to go into today. I think the notice argument is the more interesting one. So it seems to me your argument reduces to a complaint about this 3C1.3 guideline enhancement. It's both. I think that they are inextricably intertwined. It's an enhancement and it's a separate crime. Now, my argument would be a lot weaker if it wasn't also a separate crime because I don't think these notice principles are applied as vigorously by courts as the pure and simple guidelines enhancements, but this was a separate crime as to which he was not provided notice. So that does make a big difference in my argument, and I think that fleshes out the issues that both sides are arguing. My problem is he's never sentenced for that crime. He has no sentence imposed on that crime, not even a concurrent one, right? He has no sentence imposed on 3147. He has it imposed on the bank robberies with the 3C1.3 enhancement. It's interesting. I was looking at the judgment, Judge Radley, and you only see the bank robbery counts in the judgment, but I think one of the reasons for that is because there's no counts in the indictment that correspond to this charge. Well, the reason for it is that the defendant told the judge he wanted to be sentenced, he wanted just one sentence, not two. That was a part of the discussion at sentencing. I mean, it may have been totally incorrect on the judge's part, but it was with the acquiescence of the defendant. So, Judge, I think what you're referring to, and this gets back to another point, that question you asked me earlier that I haven't answered yet, is that that discussion has to do with the VOSR sentence and the bank robbery sentences and whether the guidelines were to be stacked on top of each other or not. Well, am I wrong? He did get a separate sentence on the violation of supervised release, eight months. It's just that it runs concurrently. Right. Yeah, but he got a separate sentence. Right. But getting back to the question you had asked me earlier that I haven't gotten to yet, and I disagree strongly with opposing counsel, that the judge had said, oh, I would have given this sentence no matter what, because that makes it very hard for me to argue plain error. But if you look on 8137 of the appendix, when the judge is saying, well, I'll just repeat it, there is no magic formula there, and I'm going to say even if I'm wrong in how I calculated the guidelines, meaning I shouldn't add the 8 to 14 to the base calculation level, right, and that was based on the 3C1.3 enhancement. No. No? Okay. I disagree. He's talking about the separate sentence from the VOSR. It's not the enhancement on the bank robbery. No, he's talking about add it to the base calculation level. So what did he add to the base calculation level, the 8 to 14? So he, I should be speaking more clearly. So he was sentenced for the bank robbery. He was also sentenced for the 3147, but there was a separate violation of supervised release for which he was sentenced that same day simultaneously. So what he's talking about here is he wasn't sure if what you do with the 8 to 14, which was for the VOSR, for the violation of supervised release itself. It's not the enhancement. There's not a separate sentence for the enhancement. That's for the VOSR.  And he's saying that regardless of whether we make that concurrent or whether we add it on, this is the sentence that I've chosen. But to me that has nothing to do with the issue I'm arguing here today. So I do disagree with – I noticed it in the government's reading I was preparing last night. I disagree with the judge's saying I would have given this 176-month sentence no matter what. He's only talking about the VOSR component and how it interacts with the bankruptcy slash 3147. I'm sorry. It's a little confusing. Okay. I think we have the point, Mr. Kolpin. You do have two minutes for a rebuttal here from Mr. Rose. Good morning, Your Honors. May it please the Court. My name is Charlie Rose. I'm an assistant United States Attorney in the Eastern District of New York. I represent the government in the district court and on appeal today. The issue for the court here today is was the district court sentence procedure reasonable? The answer is yes, and nothing what the appellant said in their briefs are here today. Do we have two legal errors here, one being the failure to advise the defendant of the maximum sentence that he faced when he pled guilty, and second, the obligation to impose the 3147 sentence consecutively? Certainly, Your Honor. With respect to the failure to advise the defendant whether he faced consecutive time, it's fair to say that the government did not charge the 3147, and the court did not ultimately hold that the 3147— Well, weren't you supposed to? The government, in its discretion, did not charge the 3147. Whether it could have or could not have, it didn't. And, you know, here we're talking about not whether the sentencing exposure was altered. The defendant, based on the government's inaction, based on the fact that it did not charge the 3147, the defendant was not facing additional time by the operation of the 3147. Well, the statute reads, A person convicted of an offense committed while released under this chapter shall be sentenced. So it's mandatory language, and it really doesn't talk about a separate charge, though there's precedent that suggests it should be a separate charge. But you think that where those circumstances arise, you don't have to pursue a 3147 sentence? That's correct, Your Honor. And do you have precedent that says that? That it's discretionary with the government whether it pursues that? Your Honor, I don't have precedent. All right. If you don't pursue it, can you then seek a 3C1.3 enhancement? I would respond to that, Your Honor, by saying that the way that the guidelines read, and, of course, the guidelines are advisory, and this report must consider but is not required to follow them. To the extent that the 3C1.3 says, If a statutory sentencing enhancement under 3147 applies, increase offense level by three. Here, whether or not the government charged 3147, the court was well—the district court was well within its right to determine that 3147 could have applied, and therefore the enhancement could be appropriate. Here, the court did make that ruling, and in fashioning its sentence, it considered that. But as the court had raised before, under 3553A factors, the court held that the appropriate sentence was 176 months on the offenses. Both it said that at the appendix of 137 and also at 140. So to the extent that there was a sentence, that there was a notice issue or that he should have been provided, defense counsel indicated that that's the main flaw. But if there was error, if the district court erred in some legal respect in calculating the guidelines range or in applying 3147 because there's the ambiguity about committed by released under this chapter, what Chapter 207 means, then isn't that error that requires correction and then resentencing? It's a procedural error, isn't it? Your Honor, under this court's holding in Contredo in line with Davis, where that error, whether it's plain error or not, it has to affect the substantial rights and affect the fairness and integrity of proceedings. And this court held in Contredo where the issue is clear, the facts are overwhelming based on the defendant's allocation to the facts that satisfy their requirement. There is no error. So if the district court wildly miscalculates the guidelines range, there is no error if the facts otherwise justify the sentence? To the extent that the court made an error, again, it's whether the error was harmless. And here the error was absolutely harmless to the extent that there was any error. The court made a finding that the 3C13 enhancement was appropriate and factored that into its considered opinion on what sentence should be, and sentenced the defendant accordingly. To the extent, again, going back to what the defense counsel had said, defense made a point about the absence of notice, and he said notice was starkly lacking in all respects. And Judge Radley pointed out, well, one, he was already aware of the enhancement at the PSR, and then the PSR was actually litigated before they went to sentencing. But moreover, this court in Davis said that the notice that he received on the bond was sufficient to advise him of the 3147 penalties. But that's not what Rule 11 says. Rule 11 says you have to be advised at the time of the plea. With respect, yes, Your Honor. With respect to perhaps a sentencing enhancement, this goes into the advisory nature of the guideline, however. Here in Davis, the court said that that notice was sufficient to put the defendant on notice. The cases cited by defense counsel in his brief rely heavily on Forker. District Court in that case found that there was not sufficient notice where the notice was seven years later. But moreover, that opinion could be saved because the defendant did not allocute or admit facts or facts found at trial that would satisfy the standard for which he was being held accountable for. The facts occurred six – he admitted guilt of things six years after he had been advised of the rights. In this case, the defendant was on notice at the time he was released. He signed the release indicating that he was aware of the 3147 penalties, regardless of whether it said 3147. He wore a nailing reminder around his ankle on location monitoring, basically saying, if you violate your terms of a bond, there are repercussions. So this defendant was on notice from the very get-go. To the extent that this court should uphold the ruling, it's basically to the extent that he had notice and any error that the court may have committed in sentencing the defendant by adding that guideline should warrant resentment. We have a lot of parts here to consider. But let me suggest to you the possibility that the court might determine that a 3C1.2 – a 3C1.3 enhancement only applies if 3147 is charged, because that's how the 3147 enhancement would apply, because it's been charged. So that would suggest that the use of the 3C1.3 enhancement here might have been error. If we were to conclude that, what would you argue to us to urge that we nevertheless uphold this sentence? Certainly, Your Honor. To the extent that the 3C1.3 does not apply, it's not error. So we would have a guideline miscalculation. Guideline miscalculation, I think the court could look at the factors that the court considered in rendering its decision on the 35-53A factors. And here the court made the determination that 176 months was appropriate, and that was the right sentence given the nature of the offense. Well, there is no doubt here that the defending committed these bank robberies while on release on supervised release charges, right? Correct. The court could consider that fact in imposing a sentence, whether it's covered by a guideline or not. Is that all? Yes, Your Honor. Okay. But we just don't know whether it would have assigned it the particular number that 3C1.3 does. So where does that bring us with what the judge said about its sentence, even if it was a variance? You heard Mr. Culp's argument that that refers to how it handled the supervised release. Yes, Your Honor. And Mr. Culp is not far off there. I do believe that, consistent with what Mr. Culp was saying, that the court at that point in time was saying, although there is no magic formula there, and I'm going to say, even if I'm wrong in how I calculated the guidelines and then he qualified it by saying, meaning I shouldn't have added the 18 to 14 months to the base calculation level. I believe that's the appropriate sentence either way. So that sort of tends to agree with what Mr. Culp is saying. But again, the idea — It's referencing the VLSR enhancement on the 3C1.3.  But I do think that the court follows on by saying it's necessary to hear what I think is necessary appropriately on the 3553A factors. So regardless of whether the court adds that enhancement or can readily determine that the enhancement would apply but for the fact that the government didn't charge the 3147, I think in consideration of the 3553A factors, including the nature of the offense, the court would well within its bounds consider that as an appropriate sentence. I see my time's up. Thank you. Thank you. Mr. Culp, two minutes. Excuse me, two points, very briefly. On the issue of whether notice is furnished by the form, I call it boilerplate when he was released with regard to the VLSR and government relies heavily on the Davis case. But Davis is a case where there was no doubt that the defendant had notice. Davis, before the trial, the government filed a pleading that said we are going to hit you with this enhancement. So there's no doubt that But the release also contains it. So even if Davis is distinguishable, is it plain error in light of Davis? I think it is just because of the overall obligation of notice, which goes to the Supreme Court cases, which I haven't relied on as heavily as I have on Davis. I'm still perplexed. I mean, you don't want relief for any of the things that you didn't get notice on. You want relief for sentencing, which you did have notice on. So I'm not sure why any of these earlier failures of notice matter if you're not saying the indictment is invalid, the plea is invalid. All you're complaining about is the sentence. How are you harmed when you had notice at the time of sentencing? I tried to answer this before. It's because cases like Davis and Confredo are saying that notice is a component of this because this is not A component of what? Of the obligations to imposing the enhancement because it's also a criminal offense in addition to just a guideline enhancement. I hear the government saying that it's not a criminal offense because we decided not to put it in the indictment. I wasn't expecting that argument, but I do think that for there to be a So you think the error here is the application of the 3C1.3 enhancement? And the 3147. As Your Honor has pointed out, those are linked. Well, do you also agree that even if it weren't strictly within 3C1.3, The district court could certainly consider that these crimes, these serious crimes, Were committed while he was on release from supervised release. I mean, that is not a positive factor, and it's one that a court you would think would consider. So if we were to remand it, we wouldn't tell the judge he couldn't consider it. He just couldn't give it the way 3C1.3 does. No, I agree with that, and I agree with the question. Do you think your client's going to come out any better? Yeah, I've had a number of cases where it gets back to a question you asked. And if there's a guideline to stay, the Supreme Court, this Court has said multiple times. But if the judge has said, I will give this sentence no matter what, which didn't happen here, That is plain error that's noticeable. So, yeah, I don't. Well, only if it's plain that 3C1.3 doesn't apply. Right, right. Okay. So there's no way I can say to Your Honor that that's not an important factor. And just help me out. Even though he knew it's sentencing, that he faced the higher sentence, the case you want me to look at for the 3C1.3 error is what? Notice a problem earlier? I think my best case is, I'm sorry, I spoke before you were done. But I think my best case is Judge Gardeff's opinion in Porter. He did exactly that. He refused to apply the enhancement. Judge Gardeff, that doesn't control this Court. So what's the case that makes it established law? Oh, so are you talking about plain error? Yeah. Plain is Supreme Court cases like Erlinger. I did cite briefly in my opening brief about the overall requirement of notice. This gets into the apprending part of the argument, the overall requirement of notice, as to something that a statute requires an elevation of the sentencing statutory sentencing range. And then, yes, I'm distinguishing both Davis and Confredo. I am distinguishing them because in both those cases they said that the defendant had notice. I'm saying it didn't appear. But those cases working together, the overall requirement of notice in cases like Erlinger, which is the latest in the long line of apprended cases, as well as the import of Davis and Confredo on facts like this, which are completely different than what they had before them. All right. Thank you, Mr. Culp. Thank you very much. I appreciate your briefing and argument. The matter is submitted, and we'll take it under advisement.